■ In the Matter of the Claim of GERARDO C. ORTIZ, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— MEMORANDUM BY THE COURT. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 18, 1968, which determined that claimant was disqualified from receiving benefits, effective December 13, 1967, on the ground that he voluntarily left his employment without good cause by provoking his discharge; that he willfully made a false statement to obtain benefits, and imposed a forfeiture of future benefit rights by 20 effective days by reason of the false statement. Claimant was employed as a technician in the electronics division of

a watch company from June 7, 1965 to December 12, 1967, when he was discharged. He filed for benefits on December 14, 1967, and in his application stated that he lost his job because " Laid off—Slow." Claimant was discharged for " complete disregard for company policy and excessive absenteeism." During the last six months of his employment he had been late 22 times and absent three times. He testified that he did not know the reason for his discharge and added the word " slow" to his application on the suggestion of his interviewer which was contradicted by her in her testimony. Claimant further testified that if he had been paid more salary, he would have been on time. Claimant admitted he had been warned about his absences, the last time being December 7, 1967 and that thereafter, he was late on December 11, 1967 and December 12, 1967. His explanation for his lateness on these dates was given on three different occasions, each one being different and inconsistent. The issue of credibility is within the province of the board for determination. (*Matter of Palko [Catherwood]*, 29 A D 2d 600), and on this record the board could properly determine that the claimant willfully made a false statement in his application for benefits. The board could properly conclude that claimant left his employment without good cause by provoking his discharge, and could reject as incredible his testimony that he did not know the reason for which he was discharged. " Whether claimant's actions constituted a voluntary leaving of employment without good cause by provoking his discharge is a factual determination for the board." (*Matter of Fishbein [Catherwood]*, 28 A D 2d 1059; Labor Law, § 623; *Matter of Tatem [Catherwood]*, 26 A D 2d 607.) The decision of the board being supported by substantial evidence, it should not be disturbed. (*Matter of Braccino [Catherwood]*, 30 A D 2d 609.) Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum by the court.